## Roberts *v.* McKinney, Appellant.

*Wills — Construction — Vested and contingent estates — Case stated.*

Where a testator gave a life estate to his widow, with remainder to his children in fee, provided such children survived their minority, and further provided, as to his sons, with a corresponding provision for the daughters, "in the event of the death of one of my sons, I direct that the property willed to him shall be given to the surviving son, in the event of the death of both of my sons, I direct that the property willed to them by me shall be given to my half brother," the court properly held upon a case stated to determine the title to property conveyed by the widow and the children, without the joinder of the half brother, that the contingency of the death of the children, upon which the estate would go to the half brother, referred exclusively to death in their minority, and all the children having reached their majority, the half brother had no interest in the estate.

Submitted Feb. 24, 1915. Appeal, No. 49, Jan. T., 1915, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1914, No. 1459, for plaintiff, on case stated, in case of L. N. Roberts and Vaughan Richards v. E. R. McKinney. Before BROWN, C. J., MESTREZAT,

POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Case stated to determine plaintiff's title to real estate.

The facts, except that plaintiffs were all of age, appear in the following opinion of NEWCOMB, J.:

Plaintiffs sue for the purchase-price due on the sale of land for which deed in due form has been tendered. It is refused because the title is called in question.

Plaintiffs hold under the widow and four children of one Jeremiah Wells, who died, seized and testate, making the widow and children the primary beneficiaries.

The will—like the case stated—could have been better expressed; but read from its four corners in the light of familiar canons of interpretation it is believed to be free from difficulty.

Time is not at our disposal for special discussion as the case is just now submitted without oral argument but with request that it be disposed of so that review may be had in the appellate court next month.

It must suffice to say that, subject to a particular estate devised to the widow, testator's children, Mary, Seth and John, took the remainder—each, however, in a designated parcel forming together the group of lots now in question—in fee, provided in each instance the beneficiary survived his or her minority.

True, there was further provision as to what should happen in case of death of either or all of them; and that gives rise to the controversy.

It is this: "In the event of the death of one of my sons, I direct that the property willed to him shall be given to the surviving son, in the event of the death of both of my sons I direct that the property willed to them shall be given to my half brother, Wells......"; there is a corresponding provision for the event of death in case of the two daughters.

Hence, the question whether this half brother or his successors in title may not have an interest.

But read in connection with the antecedent provision for vesting full possession in each child as they severally became of legal age, this clause for the benefit of the half brother must be deemed to refer to the possible event of death of the children during minority, and therefore before their respective estates become vested.   Hence, as between the children and the half brother, it is a case of alternative contingent remainders, where one became vested by reason of the happening of the primary contingency and thereupon the other fell; as in such case only can ever take effect: Mitchell on Real Estate, Etc., 237, and cases there cited.

. It is believed to be unnecessary to cite authorities for the proposition that this result is the one that would be favored in case of doubt as to the testator's meaning.

. It will be noted that while plaintiffs apparently derive title from all four of the children because the four first conveyed to the mother, yet three only are above named in tracing title from testator.   That is because these are the four lots on the easterly side of Main avenue—formerly the Plank road—which were distributed among these three children, the other one, Euphemia, getting a lot on the opposite side.   Just why she joined in the deed to the mother doesn't appear.   But it is of no consequence. The deed passed the fee to the mother who eventually aliened by deed under which plaintiffs now claim.   Thus it is believed the issue is with them, and in accordance with the stipulation of counsel, judgment is directed to be entered for plaintiffs in the sum of $5,500, the lien of which, as well as of any execution to be issued thereon, to be restricted to the land described in the exhibit attached as part of the facts stated.

The court directed judgment to be entered in favor of the plaintiff.   Defendant appealed.

*Error assigned* was the judgment of the court.

*B. Fenton Tinkham,* for appellant.

*A. A. Vosburg,* for appellee.

PER CURIAM, July 3, 1915:

This judgment is affirmed on the opinion of the court below directing it to be entered.

Judgment affirmed.